IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARDINE W. FERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12CV973-MHT |
| ) | |
| BOARD OF ADJUSTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff commenced this action on November 5, 2012, with a complaint naming McInnis Construction, LLC, and Travis Tyler as defendants. Because the complaint included no allegations establishing federal jurisdiction or suggesting a basis for liability of the two named defendants, the court ordered plaintiff to file an amended complaint, to include: (1) a short and plain statement of the grounds for the federal court's jurisdiction over the action; (2) a short and plain statement of the plaintiff's claim showing that the plaintiff is entitled to relief against *each* of the defendants plaintiff has sued; and (3) a demand for relief.  The court advised plaintiff that she must include allegations of <u>fact</u> stating what it is that each of the defendants did to give rise to plaintiff's claim against that particular defendant, and cautioned her that her failure to comply with the court's order may result in dismissal of this action. (Doc. # 4).

This action is now before the court on review of plaintiff's amended complaint, filed on November 14, 2012 (Doc. # 5). In the amended complaint, plaintiff names three different

defendants – the Board of Adjustment, the Department of Transportation, and Director Joe McInnis.[1] Plaintiff no longer lists either McInnis Construction or Travis Tyler as defendants.[2] Despite the court's direction in the previous order, plaintiff includes few allegations of fact in the amended complaint describing what it is that each of the new defendants has done. In view of plaintiff's *pro se* status, the court has considered the facts alleged in plaintiff's original complaint (including those in the attachments to her original complaint), as well as those added in her amended complaint, in evaluating her claims against the Board, the Department of Transportation and Director Joe McInnis. Upon consideration of plaintiff's complaint, as amended, the court concludes that it is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[3]

The factual allegations that the court was able to discern from plaintiff's original complaint, construed broadly, are as follows:

---

[1] Plaintiff lists these three defendants in the style of the amended complaint. In paragraph 3 of the amended complaint, designated for the names and addresses of the defendants, plaintiff includes only the Board of Adjustment. (Doc. # 5, p. 1).

[2] In a motion for leave to proceed *in forma pauperis* filed concurrently with the amended complaint (Doc. # 6), plaintiff lists McInnis Construction as the defendant in the case style on the first page of the motion but states, "I file this form to have Travis Tyler Construction ask a wit[]ness where accident happen." (Doc. # 6, p. 1). Thus, it appears that plaintiff intends page one as a motion to subpoena Tyler as a witness. In a style on the second page of the IFP motion, plaintiff lists only the Board of Adjustment and the Department of Transportation as the defendants. (Doc. # 6, p. 2). In the case style on the third page of the motion, plaintiff lists "McInnis – DOT - Departransportation" and the Board of Adjustment. (Doc. # 6, p. 3).

[3] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

(1) plaintiff was injured seriously when she stepped into a hole on the shoulder of I-85 near mile marker 54, requiring a three-week hospitalization and additional treatment for eighteen months;

(2) plaintiff pursued a claim before the Alabama State Board of Adjustment against the Alabama Department of Transportation;

(3) the Board held plaintiff's claim in abeyance for three years, asking that plaintiff file actions against East Alabama Paving, the Auburn Police Department, and McInnis Construction;

(4) the Circuit Court of Lee County, Alabama, granted summary judgment in favor of McInnis Construction in plaintiff's lawsuit based, in part, on the affidavit of Travis Tyler stating that McInnis was performing work on the overpass at mile marker 57 but had performed no work near mile marker 54;

(5) Tyler further stated that he was aware that the Alabama Department of Transportation had done some work replacing a guardrail at mile marker 54;

(6) the Board of Adjustment embarrassed plaintiff's attorney, causing him to withdraw from representing her;

(7) a Board of Adjustment employee wrongfully denied receiving documents from plaintiff;

(8) the Board did not grant plaintiff relief;

(9) plaintiff attempted to appeal the Board's ruling in an action she filed against the

Alabama Department of Transportation in the Circuit Court of Lee County; and

(10) the Circuit Court judge entered an order indicating his belief that plaintiff could not appeal a Board of Adjustment ruling to the Circuit Court, and allowing the parties 30 days to submit any documents or legal authority on the issue.

In her amended complaint filed on November 14, 2012, plaintiff adds that she could not get an attorney anywhere in the state, and that the defendants gave plaintiff the "run around" and "was lying back and forward" and acting as if plaintiff had not been injured seriously. (Doc. # 5, ¶¶ 1, 4, 5). Plaintiff contends that plaintiff discriminated against her on the basis of her age and race. (Doc. # 1-1, p. 1 ("My age and being Black has a lots to do with it."); Doc. # 5, ¶ 5 ("Discriminated.")). Plaintiff seeks monetary compensation from the defendants. (Doc. # 5, ¶ 6).[4]

## Eleventh Amendment

Plaintiff's claims against the Board, the Department of Transportation, and the Director of the Department of Transportation (in his official capacity) – are barred by these defendants' Eleventh Amendment immunity. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). The Eleventh

---

[4] Plaintiff now sues state government entities and a state government official alleging that they discriminated against her on the basis of her age and race in connection with the claim plaintiff filed with the Alabama Board of Adjustment against the Alabama Department of Transportation. Plaintiff alleges federal question jurisdiction sufficiently, as her claim may be construed as attempting to assert an equal protection claim under 42 U.S.C. § 1983 or a claim arising under 42 U.S.C. § 1985(3).

Amendment bars suits directly against "the State or one of its agencies or departments ... regardless of the nature of the relief sought" (Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984)) and extends to defendants that act as an "arm of the State" (Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004)). Additionally, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" Pennhurst, 465 U.S. at 101-02. In an official-capacity suit, "the real party in interest is the entity .... [A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

The Alabama Board of Adjustment is a state governmental entity created by statute with the authority to act on behalf of the state legislature to pay, in specified circumstances (with money appropriated by the Legislature), claims levied against the State of Alabama or its agencies, commissions, boards, institutions or departments. (See Ala. Code § 41-9-60 *et seq.*; Medical Laundry Service a Div. of OPLCO, Inc. v. Board of Adjustment, 486 So.2d 1305 (Ala. Civ. App. 1986)). "[T]he Alabama Supreme Court [has] recognized that the Board is an instrument or agency of the legislature." Id. at 1306-07. The court concludes, after considering the factors set forth in Manders, *supra*, that the Board of Adjustment acts as an "arm of the state" for purposes of Eleventh Amendment immunity. The Alabama

Department of Transportation is an agency of the State of Alabama, and its director is a state government official appointed by the Governor. See Ala. Code §§ 23-1-20, *et seq*.

The Eleventh Amendment operates as a bar not only as to plaintiff's federal claims but, also, to any state law claims plaintiff may assert. Pennhurst, 465 U.S. at 103-124 (Eleventh Amendment bar extends to "pendent" state law claims). The State of Alabama has not waived its Eleventh Amendment immunity for § 1983, § 1985, or state law claims, and Congress has not abrogated the states' Eleventh Amendment immunity in § 1983 or § 1985. Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Fincher v. State of Florida Dept. of Labor and Employment Security – Unemployment Appeals Commission, 798 F.2d 1371 (11th Cir. 1986); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Because plaintiff's claims against the Board of Adjustment, the Alabama Department of Transportation and the ALDOT director in his official capacity[5] are barred by the Eleventh Amendment, they are due to be dismissed pursuant to 28 U.S.C.

---

[5] The exception to Eleventh Amendment immunity established in Ex parte Young, 209 U.S. 123 (1908) does not apply at all to state law claims. Pennhurst, 465 U.S. at 106. It is not implicated as to plaintiff's federal claims because plaintiff here seeks damages to compensate her for a past wrong only; she does not allege an ongoing violation of federal law or seek prospective injunctive relief to remedy any such continuing violation. See Green v. Mansour, 474 U.S. 64, 68 (1985)("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.")(citations omitted)(discussing Ex parte Young exception); Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1338 (11th Cir. 1999).

§ 1915(e)(2)(B)(iii).

Failure to State a Claim

To the extent that plaintiff sues ALDOT Director McInnis in his individual capacity – and to the extent that plaintiff seeks to maintain claims against the private defendants named in her original complaint but omitted from her amended complaint – she fails to allege facts sufficient to state a federal claim for relief under any legal theory.  As the court noted in its previous order, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a short and plain statement of the plaintiff's claim showing that the plaintiff is entitled to relief against the defendant.  The court advised plaintiff that, in her amended complaint, she "must include allegations of <u>fact</u> stating what it is that each of the defendants did to give rise to plaintiff's claim against that particular defendant." (Doc. # 4).

To state a claim for relief that is "plausible on its face," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plaintiff's factual allegations must give rise to "more than a sheer possibility that a defendant has acted unlawfully." <u>Id</u>.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." <u>Id</u>. at 679 (citations and internal quotation marks omitted). While the court is required to construe *pro se* pleadings liberally, the plaintiff has alleged no facts – considering both her original and amended complaints – that suggest discriminatory

or otherwise unlawful conduct by the ALDOT director personally or either of the two private defendants plaintiff named originally. Plaintiff's complaint does not suggest even the "mere possibility of misconduct" by these defendants and fails to allege facts sufficient to state a plausible federal claim for relief against any of them.

## CONCLUSION

Section 1915(e)(2)(B) provides that the court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted [or] ... seeks monetary relief against a defendant who is immune from such relief." As set forth above, plaintiff's complaint fails to state any federal claim on which relief may be granted as to any individual-capacity or private defendant and seeks monetary relief that is barred by the Eleventh Amendment immunity of the remaining governmental defendants.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that: (1) all of plaintiff's claims, whether arising under state or federal law, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(iii), prior to service of process, as to the Board of Adjustment, the Alabama Department of Transportation and McInnis in his official capacity as Director of the Alabama Department of Transportation; (2) to the extent plaintiff seeks to assert claims arising under federal law against McInnis in his individual capacity, and to the extent she seeks to maintain federal claims against Travis Tyler or McInnis Construction, LLC (defendants omitted from her amended complaint), plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted;

(3) to the extent that plaintiff seeks to assert any claims arising under state law against McInnis in his individual capacity, Tyler, or McInnis Construction, LLC, the court decline to exercise supplemental jurisdiction over such claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before November 30, 2012.  Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of November, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE