IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARDINE W. FERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12CV973-MHT |
| ) | |
| BOARD OF ADJUSTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff commenced this action on November 5, 2012, with a complaint naming McInnis Construction, LLC, and Travis Tyler as defendants. Because the complaint included no allegations establishing federal jurisdiction or suggesting a basis for liability of the two named defendants, the court ordered plaintiff to file an amended complaint on or before November 19, 2012, to include: (1) a short and plain statement of the grounds for the federal court's jurisdiction over the action; (2) a short and plain statement of the plaintiff's claim showing that the plaintiff is entitled to relief against *each* of the defendants plaintiff has sued; and (3) a demand for relief. The court advised plaintiff that she must allege facts stating what it is that each of the defendants did to give rise to plaintiff's claim against that particular defendant, and cautioned her that her failure to comply with the court's order may result in dismissal of this action. (Doc. # 4).

In the amended complaint she filed on November 14, 2012 (Doc. # 5), plaintiff named three different defendants – the Board of Adjustment, the Department of Transportation, and

Director Joe McInnis. She did not list either McInnis Construction or Travis Tyler as defendants. Despite the court's direction in the previous order, plaintiff included few allegations of fact in the amended complaint describing what it is that each of the new defendants had done. After considering *all* of plaintiff's factual allegations – including those in plaintiff's previous filings as well as in her amended complaint, the undersigned recommended that: (1) all of plaintiff's claims, whether arising under state or federal law, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(iii), prior to service of process, as to the Board of Adjustment, the Alabama Department of Transportation and McInnis in his official capacity as Director of the Alabama Department of Transportation; (2) to the extent that plaintiff seeks to assert claims arising under federal law against McInnis in his individual capacity, and to the extent that she seeks to maintain federal claims against Travis Tyler or McInnis Construction, LLC (defendants omitted from her amended complaint), plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted; and (3) to the extent that plaintiff seeks to assert any claims arising under state law against McInnis in his individual capacity, Tyler, or McInnis Construction, LLC, the court decline to exercise supplemental jurisdiction over such claims. (Doc. # 7).[1] That recommendation remains pending before the District Judge and this recommendation does not supplant the previous recommendation, nor does it extend

---

[1] 28 U.S.C. § 1915 provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

plaintiff's deadline for objecting to that recommendation.

This action is presently before the court on a new amendment from plaintiff, filed on November 26, 2012. (Doc. # 9). In the style of this second amended complaint, plaintiff now lists four new defendants: (1) the State of Alabama; (2) John Coffin (a police officer for the City of Auburn); (3) "Aub[ur]n Ala Police"; and (4) "Aub[ur]n City[.]" (Doc. # 9, p. 1). She further includes McInnis Construction as a named defendant. (Id.). She seeks compensation, and asserts that the defendants have discriminated against her in violation of the 14th Amendment. (Id., p. 2). She alleges that, on January 26, 2007, police officer John Coffin pulled her over in a "danger area" marked by orange drums for construction work and that she broke her femur. (Id., ¶¶ 3, 4). She also alleges that Coffin gave her a ticket two years later but that "Att Decater wouldn[']t take it" and that she was "lay on a [illegible] and put my legs together then carry me to hospital." (Id., ¶ 2). Plaintiff's remaining allegations, in full, are as follows:

> [T]he Board took over and held case Three year. And all time McInnis Tyler knew all time where accident happen. I step in a hole they left on Road. 911 was call by my Brother. They pick up. From then on lies were stated Backward. they knew that if they name Dpt – of Board of Adjustment. they could denise. doctor bill wasn't paid. I wasn't paid I now get help from Circle Care.
>
> ... I need compensation. I can't ever work again. The Board of Ajustment appoint to go through all of thise East Ala Paving – police of Aubrun McInnis Con. LL. they say No. And the Judge say go to Dot. Knowing al along they are amuine. I think they should have told me. Discriminated against me to keep these people from paying. I have to carry Ins. in ala on my own. if a slip and fall. I have to pay for Injuired.
>
> ... they have protection by the Board saying have Eleven amended.  these

>people have violates my 14th Admentment.  I am a citizen or United state.  I carry Ins and they dont.  but this is discriminated.  I would like a Jury trail.

(Id., ¶¶ 5, 6 and p. 2)(errors in original).

For the reasons set out below, the federal claims plaintiff seeks to assert in the second amended complaint are also due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and (iii) and, to the extent the second amended complaint states any claim pursuant to state law, the court should decline to exercise supplemental jurisdiction.

### State of Alabama

Plaintiff's claims against the State of Alabama – whether arising under state or federal law, and regardless of the relief she seeks – are barred by the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984); Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Fincher v. State of Florida Dept. of Labor and Employment Security – Unemployment Appeals Commission, 798 F.2d 1371 (11th Cir. 1986); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity.").

### McInnis Construction

Plaintiff brought claims against McInnis Construction (and its former employee, Tyler) in her original complaint.  Construed generously, that complaint and its attachments alleged the following against McInnis Construction and Tyler: (1) plaintiff was injured seriously when she stepped into a hole on the shoulder of I-85 near mile marker 54, requiring

a three-week hospitalization and additional treatment for eighteen months; (2) the Circuit Court of Lee County, Alabama, granted summary judgment in favor of McInnis Construction in plaintiff's lawsuit based, in part, on the affidavit of Travis Tyler stating that McInnis was performing work on the overpass at mile marker 57 but had performed no work near mile marker 54; and (3) Tyler further stated in the affidavit that he was aware that the Alabama Department of Transportation had done some work replacing a guardrail at mile marker 54, where an accident had occurred.  As noted above, plaintiff did not list McInnis Construction as a defendant in the amended complaint she filed on November 14, 2012, and that complaint includes no additional allegations of fact describing what it is that McInnis Construction has done to give rise to plaintiff's claim. (See Doc. # 5). In the recommendation entered on November 16, 2012, the court explained that plaintiff's claims against the non-governmental defendants (including those named originally) were due to be dismissed because she has failed to allege facts sufficient to state a federal claim for relief under any legal theory. (Doc. # 7, pp. 7-8).  In plaintiff's most recent amendment, the only allegation of fact that can be read to allege conduct by McInnis Construction is "And all time McInnis Tyler[2] knew all time where accident happen."  (Doc. # 9, p. 5).

To state a claim for relief that is "plausible on its face," the plaintiff must plead

---

[2] Plaintiff here conflates the names of McInnis Construction and Travis Tyler. In his July 10, 2009, affidavit filed in plaintiff's state court action against McInnis Construction, Tyler states, "From being present in this area during this time period, I am aware that there was a motor vehicle accident where a car struck a guardrail on Interstate 85 near Mile Marker 54. Some work was done replacing this guardrail by the Alabama Department of Transportation." (Doc. # 1-1, p. 8).

5

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's factual allegations must give rise to "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. at 679 (citations and internal quotation marks omitted). Plaintiff fails to allege facts suggesting that McInnis Construction is a state actor for purposes of her federal constitutional claims and, also, fails to allege any conduct that may be attributed to McInnis Construction itself for purposes of § 1983 liability. (See Reid v. Secretary, Florida Department of Corrections, 2012 WL 3326293 (11th Cir. Aug. 15, 2012)(unpublished opinion)("In a § 1983 suit, liability must be based on something more than *respondeat superior*)(citation omitted).

Auburn Police Department and City of Auburn

Despite the court's previous order and the recommendation explaining that the plaintiff must allege facts describing what it is that each particular defendant has done that entitles her to relief, plaintiff alleges no conduct whatsoever on the part of the Auburn Police Department or the City of Auburn. Her second amended complaint, therefore, fails to state a § 1983 claim for relief against these entities. See Nettles v. City of Leesburg – Police Department, 415 Fed. Appx. 116, 122 (11th Cir. 2010)(unpublished opinion)(observing that a municipality cannot be held liable under § 1983 "for injuries caused solely by its employees" and affirming dismissal of § 1983 claim where complaint failed to "allege

sufficient 'factual content that allows the court to draw the reasonable inference' that the City of Leesburg Police Department is liable for any misconduct under § 1983")(citation omitted); Skop v. City of Atlanta, GA, 485 F.2d 1130, 1145 (11th Cir. 2007)("[I]t is by now axiomatic that in order to be held liable for a § 1983 violation, a municipality must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory.").

### Police Officer John Coffin

Plaintiff alleges that, on January 26, 2007, Officer Coffin pulled her over in a dangerous construction area that was marked by orange drums and that she broke her femur when she stepped into a hole "they" left on the road. She further alleges that he issued her a citation two years later, but that "Att Decater wouldn[']t take it." (Doc. # 9, ¶¶ 2, 3, 5). "To successfully allege an equal protection claim, a plaintiff must show (1) [s]he is similarly situated to others who received more favorable treatment, and (2) [her] discriminatory treatment was based on a constitutionally protected interest." Cain v. Polen, 454 Fed.Appx. 716, 717 (11th Cir. 2011)(unpublished opinion)(citing Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001)). Plaintiff asserts discrimination in violation of her 14th amendment rights, but the only allegation of disparate treatment included in plaintiff's second amended complaint is that plaintiff has to carry insurance and, in the event of a slip and fall, has to pay for the injury, while "they" have Eleventh Amendment immunity from having to pay. See Doc. # 9, ¶ 6 and unnumbered paragraph on p. 2). These allegations of fact are not sufficient to state a § 1983 equal protection claim, or to state any other claim for relief arising under

federal law.  Therefore, to the extent that plaintiff asserts federal claims against Coffin, they are due to be dismissed.

## CONCLUSION

Section 1915(e)(2)(B) provides that the court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted [or] ... seeks monetary relief against a defendant who is immune from such relief."  As set forth above, plaintiff's complaint fails to state any federal claim on which relief may be granted as to McInnis Construction or the new defendants she has added in her second amended complaint, and her claim against the State of Alabama is barred by the Eleventh Amendment.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B): (1) all of plaintiff's claims against the State of Alabama, whether arising under state or federal law, be dismissed prior to service of process; (2) the federal claims plaintiff asserts in her second amended complaint against McInnis Construction, John Coffin, the City of Auburn, and the Auburn Police Department be dismissed for failure to state a claim on which relief may be granted; (3) to the extent that plaintiff seeks to assert any claims arising under state law against McInnis Construction, John Coffin, the City of Auburn, and the Auburn Police Department, the court decline to exercise supplemental jurisdiction over such claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  Plaintiff is DIRECTED to file any objection to this Recommendation on or before December 12, 2012.  Any objections filed must identify

specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

   DONE, this 28th day of November, 2012.

                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              CHIEF UNITED STATES MAGISTRATE JUDGE